Norman F. Taylor, Esq. (SBN: 127325)
Stephanie R. Tatar, Esq. (SBN: 237792)
**NORMAN TAYLOR & ASSOCIATES**
425 West Broadway, Suite 220
Glendale, California 91204-1269
(818) 244-3905 Telephone
(818) 244-6052 Facsimile

Attorneys for Plaintiff,
JULIE BYBEE

FILED
09 AUG -7 AM 11: 34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JULIE BYBEE,

   Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

   Defendant.

Case Action No.:
'09 CV 1714   JLS NLS

## PLAINTIFF'S COMPLAINT

JULIE BYBEE (hereinafter referred to as "Plaintiff"), by her attorneys, Norman Taylor & Associates, alleges the following against MIDLAND CREDIT MANAGEMENT, INC. (hereinafter referred to as "Defendant"):

## I. INTRODUCTION

1. Section 1692 of the Fair Debt Collection Practices Act: Congressional finding and declaration of purpose identifies that "there is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to the invasions of individual

1
COMPLAINT AND DEMAND FOR JURY TRIAL

ORIGINAL

privacy." 15 U.S.C. § 1692(a). Congress also passed this statute, because the current laws were "inadequate to protect consumers." 15 U.S.C. § 1692(b)  Moreover, the purpose of the statute is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e)

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff JULIE BYBEE is an adult individual residing in Sussex, Wisconsin.

5. Defendant MIDLAND CREDIT MANAGEMENT, INC.. is a corporation with its principal office located at 8875 Aero Drive, Suite 200, San Diego, CA 92123, and which is qualified to and regularly conducts business in the State of California. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV. FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant was hired to collect a debt relating to consumer purchases (hereafter the "debt").

7. The debt which Defendant attempted to collect pertained to a

Citibank credit card, which became delinquent on or about October 1, 2005.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9. On or about December 9, 2008, Plaintiff received a call at her place of employment from Mr. Bruce Williams, a representative, employee and/or agent from Defendant, in an attempt to collect a debt allegedly owed by Plaintiff and coerce Plaintiff to pay a debt which she allegedly owes.

10. At all pertinent times hereto, and upon information and belief, this telephone call was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communication to Plaintiff with respect to the alleged debt within five days after the above initial communication.

11. On or about December 9, 2008, Plaintiff instructed Defendant to stop calling her at Plaintiff's place of employment. Despite Plaintiff's request, Defendant, by and through the same collection agent, called Plaintiff at her work later the same day, and again the next day, on December 10, 2008.

12. On or about December 9, 2008, a representative, employee and/or agent of Defendant caused the telephone to ring repeatedly with the intent to annoy, harass and abuse such persons contacted.

13. On or about December 10, 2008, Plaintiff received a call at her place of employment from Defendant in an attempt to collect a debt allegedly owed by Plaintiff and coerce Plaintiff to pay a debt which she allegedly owes.

14. On or about December 10, 2008, a representative, employee and/or agent from Defendant contacted Plaintiff and used abusive

language in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person contacted.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692g, 1692(d)2, 1692c(a)1, and 1692c(a)3 as evidenced by the following conduct:

a. Failing to send the consumer a validation notice within five days of the initial communication;

b. Using profane language or other abusive language;

c. Communicating with the consumer at an unusual time or place, or time or place known or which should have been known to be inconvenient to the consumer;

d. Contacting the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits such communications;

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

  d. That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL.CIV.CODE §1788 *et seq.*

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff. Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code §1788.2(h).*

28. Defendant is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b),* and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c).*

29. Defendant violated the RFDCPA based on the following:

  a. Defendant violated *§1788.10(f)* of the RFDCPA when Defendant made threats of harassment; and

  b. Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously as to annoy Plaintiff.

30. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, JULIE BYBEE, respectfully requests judgment entered against Defendant, MIDLAND CREDIT MANAGEMENT,

INC., for the following;

    a. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal Civ. Code§1788.30(b)*;

    c. Actual damages;

    d. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal Civ. Code§1788.30(c)*; and

    e. Any other relief that this Honorable Court deems appropriate.

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JULIE BYBEE, demands a jury trial in this case.

Respectfully Submitted,

DATED: August 5, 2009

NORMAN TAYLOR & ASSOCS.

By: _____
Stephanie Tatar, Esq.
Attorney for Plaintiff,
JULIE BYBEE

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JULIE BYBEE,

**DEFENDANTS**
MIDLAND CREDIT MANAGEMENT, INC

(b) County of Residence of First Listed Plaintiff: WAUKESHA, WI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephanie R. Tatar, Esq., Norman Taylor & Associates
425 W. Broadway, #220 Glendale CA 91204 (818) 244-3905

Attorneys (If Known)

FILED 09 AUG -7 AM 11:34 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 1714 JLS NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692(e)
Brief description of cause:
Violation of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/05/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 004007 AMOUNT $350 8/7/09 BH
APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL
CP

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004007
Cashier ID: bhartman
Transaction Date: 08/07/2009
Payer Name: NORMAN TAYLOR AND ASSOC.
------------------------------------
CIVIL FILING FEE
 For: BYBEE V MIDLAND CREDIT MGMT
 Case/Party: D-CAS-3-09-CV-001714-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 8852
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```